```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

BARRY'S AUTO BODY OF NY, LLC,

                    Plaintiff,                      ORDER
                                               # 25-CV-3371 (EK)(PK)
                                               # 24-CV-1309 (EK)(LKE)
             -against-                         # 24-CV-4067 (EK)(LKE)

ALLSTATE FIRE & CASUALTY INSURANCE
COMPANY,INC., ALLSTATE INSURANCE
COMPANY,

                    Defendants.

------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Barry's Auto Body of NY, LLC, alleges in three separate actions that defendants Allstate Fire & Casualty Insurance Company, Inc., and Allstate Insurance Company failed to negotiate auto repair claims in good faith, in violation of New York General Business Law ("GBL") § 349, among other claims. Because of the related nature of these cases, the Court set oral argument in all three for April 13, 2026.

Barry's alleges that it "brings this action both in its individual capacity and as an Assignee pursuant to written assignments of claim(s) it obtained from individual customers whose vehicles were repaired at its shop." Amended Compl., 25-CV-3371, ECF No. 2 at ¶ 1; *see also* Compl., 24-CV-1309, ECF No. 1-1 at ¶ 4 ("Plaintiff is the Assignee of personal property damage claims by the following persons ('Assignors'), each of

whom brought their vehicles to Plaintiff for repairs."); Amended Compl., 24-CV-4067, ECF No. 24 at ¶ 6 (same).

On or before March 25, in a brief not exceeding ten double-spaced pages, Barry's should address the following questions:

1.  To what extent, and in what precise respects, are Barry's Section 349 claims predicated on its own alleged injuries, versus those of its customers?  To the extent Barry's seeks recompense for both sets of injuries, to what extent should those claims be pursued in separate causes of action?  *See Connecticut v. Physicians Health Servs. Of Connecticut, Inc.*, 287 F.3d 110, 117 (2d Cir. 2002)(emphasis added)[1] (explaining that the assignee "replaces the assignor with respect to the claim or the portion of the claim assigned, and thus stands in the assignor's stead with respect to *both injury and remedy*."); *see also Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 773 (2000)("the assignee of a claim has standing to assert the injury in fact suffered by the assignor").

2.  To the extent Barry's seeks to press the claims of its customers, has it met the pleading requirements concerning the assignment of those claims?  *See Prince of Peace Enters., Inc. v. Top Quality Food Mkt., LLC*, 760 F. Supp. 2d 384, 392 (S.D.N.Y. 2011) (conclusory allegations that a claim was assigned fail to meet pleading requirements).

3.  In what way does the complaint currently allege that Barry's *or* its customers were actually misled by Allstate's conduct?  Do those allegations suffice to establish Article III standing to pursue the Section

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

349 claims?  *Cf. Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 994 (11th Cir. 2020) (plaintiffs lacked standing to assert FDCPA claims when they "received debt-collection letters that they say were *misleading*, but neither of them claim[ed] to have been *misled*").

On or before April 8, in a brief not to exceed the same length, the defendants should file a reply.  To the extent Barry's will seek leave to amend the complaint to address one or more of the questions raised above, it should so indicate on or before March 15.

SO ORDERED.

_/s/ Eric Komitee_
ERIC KOMITEE
United States District Judge

Dated:     February 23, 2026
           Brooklyn, New York

3